UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JERRY L. GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-4223 |
| | ) | |
| GREG DONATHAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action. As a threshold matter, Plaintiff's motion for leave to file an amended complaint (Doc. 4) is granted. Fed. R. Civ. P. 15(a).

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state

a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he practices "a modern version of New Orleans VOODOO HOODOO." (Doc. 4-1 at 3) (emphasis in original). Plaintiff alleges that two unidentified security therapy aides confiscated three Gris Gris Dolls (commonly known as Voodoo Dolls) through which he communicates with his ancestors. Plaintiff alleges that confiscation of the items forced him to change the times in which he performs certain rituals and that he has experienced difficulty finding adequate substitutes for the Gris Gris Dolls.

Plaintiff states a claim pursuant to the Religious Land Use and Institutionalized Persons Act against Defendants Donathan and Posey in their official capacities as the Director and Assistant Director/Religious Coordinator, respectively. 42 U.S.C. § 2000cc–1(a). No plausible inference exists that Defendant Ham would be the official responsible for implementing any injunctive relief Plaintiff seeks. Therefore, the Court finds that Plaintiff does not state a RLUIPA claim against her. *Sossamon v. Texas*, --- U.S. ---, 131 S. Ct. 1651, 1663 (2011) (injunctive relief is the only relief available under RLUIPA).

Plaintiff's allegations do not permit a reasonable inference that the named defendants were personally involved in the confiscation of Plaintiff's religious items, and he cannot prevail against these defendants just because they were in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). The Court finds that Plaintiff fails to state a First Amendment free exercise claim, and the claim is accordingly dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

      **1.**    **Plaintiff's Motion for Leave to File Amended Complaint [4] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

      **2.**    **Plaintiff's Motion for Leave to Proceed in forma pauperis [5] is GRANTED.**

      **3.**    **Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a claim pursuant to the Religious Land Use and Institutionalized Persons Act against Defendants Donathan and Posey. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

      **4.**    **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

      **5.**    **The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

      **6.**    **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

      **7.**    **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

      **8.**    **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery**

requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      9.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

      10.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      11.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      12.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      13.      The clerk is directed to terminate Sandra Ham as defendants.

      14.      The clerk is directed to attempt service on Greg Donathan and Erin Posey pursuant to the standard procedures.

Entered this 9th day of February, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE