UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JERRY L. GATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-4223 |
| GREG DONATHAN, *et al.* | ) |
| Defendants. | ) |

# ORDER

Plaintiff, proceeding pro se and presently detained at Rushville Treatment and Detention Center, brought the present lawsuit pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). The matter comes before this Court for ruling on Plaintiff's Motion for Summary Judgment (Doc. 29), and Defendants' Motions to Strike (Docs. 30, 35). The motions are denied.

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 30)

Plaintiff filed a motion seeking summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiff's motion does not list or otherwise identify the facts he believes to be undisputed, and, to the extent that his motion could be construed to make factual assertions, he does not provide adequate evidentiary support. *See* Fed. R. Civ. P. 56(c)(1) (a party asserting that a fact is not disputed must support the assertion through citation to the record); CDIL L.R. 7.1(D)(1)(b) (party seeking summary judgment must "[l]ist and number each undisputed material fact…[and] provide citations to the documentary evidence that supports it."). The Court finds that Plaintiff's motion fails to establish the lack of disputed facts, and thus precludes a finding that he is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment is denied.

### DEFENDANTS' MOTION TO STRIKE (DOC. 30)

Defendants filed a motion seeking to strike Plaintiff's motion for failure to comply with the federal and local rules. Defendants' motion is denied as moot pursuant to the Court's ruling above.

**DEFENDANTS' MOTION TO STRIKE (DOC. 35)**

Defendants seek to strike Plaintiff's response (Doc. 34) to their motion for summary judgment (Doc. 32) based on Plaintiff's failure to comply with the local rules. Plaintiff's response identifies the asserted facts in Defendants' motion that he does not dispute, explains why he disputes other facts and provides citations to the record, and provides relevant exhibits and argument.

Notwithstanding his failure to strictly comply with the local rules, Plaintiff's response is not so confusing that Defendants cannot ascertain which facts he disputes and which facts, if any, he presents in addition to those asserted in Defendants' motion. Permitting Plaintiff to proceed with his response as is will promote resolution of these claims on the merits. *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) (district court has discretion in enforcing its local rules); *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[I]t is incumbent on [the district court] to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds."). Defendants' motion is denied.

Defendants are granted leave to file a summary judgment reply should they choose to do so. A new deadline is set forth below.

**THEREFORE:**

1) **Plaintiff's Motion [29] is DENIED.**
2) **Defendants' Motions [30][35] are DENIED.**
3) **Defendants are granted leave to file a summary judgment reply within 14 days of entry of this Order.**

*SO ORDERED.*

Entered this 28th day of May, 2025.

s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
